LOUIS DUBOIS, APPELLANT, vs. AMOS HOLMES, APPELLEE.

In ejectment it is incumbent on the plaintiff claiming under deeds to show proper conveyances from a party having title or prior possession, in order to put a defendant in possession to proof of his right.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Jno. T. & Geo. U. Walker* for Appellant.

The judgment must be reversed on the familiar principles that the plaintiff must recover on the strength of his own title.

The defendant was in possession. The plaintiff sued him and introduced two deeds from different grantors to the plaintiff. The descriptions in these deeds it is presumed (we never cared to ascertain) embraces the *locus in quo;* but what right or interest either of these grantors had to convey nowhere appears.

Begging the pardon of the court for citing to it any authority in so plain a case, we refer to Doe *ex dem.* Magruder and Logan vs. Roe, 13 Fla., 602 ; Hartly vs. Ferrell, 9 Fla., 374 ; Jones vs. Lofton, 16 Ib., 139.

The appellant asked the court to charge " if the jury believe the evidence they will find for the defendant." We call the attention of this court to that charge because there seems to be a very general impression that such a charge would be, in any case, one like this for instance, where there is no conflict in the testimony—a violation of the provisions of chapter 2096, McClellan's Digest, 338, §34.

But manifestly such a charge in a case where there is no dispute as to the facts, is " only upon the law of the case."

There is no fact to be found by the jury. If they believe

the undisputed evidence *the law* is for one side or the other,
and we submit that it is the duty of the court, where prop-
erly requested, to say for which. Bevan vs. U. S., 13
Wall., 56 ; Hendricks vs. Lindsay, 93 U. S., 103.

*C. P. & J. C. Cooper* for Appellees.

This is an appeal from the Circuit Court for Duval
county.

This case was an action of ejectment brought by Amos
Holmes, plaintiff in court below, to recover certain premi-
ses from Louis Dubois, defendant below.

On the trial in the Circuit Court, Holmes, plaintiff below,
established the *legal title* in himself by introducing two
deeds to him of the premises in controversy, one from J.
J. Daniel and one from Thomas Coskery, and duly proving
their execution. The defendant below had by his plea of
" not guilty" admitted possession of the larger part of the
premises so that it did not devolve on plaintiff below to
prove that fact.

The defendant in the Circuit Court put in no testimony
of any kind to support his issue of title. On this condi-
tion of the case, the court charged the jury, that if they
found from the evidence that plaintiff had shown title by
deeds, duly executed and proven, to himself of the premises in
question, and defendant had shown no title, plaintiff was
entitled to recover.

On this charge and refusal to give defendant's charges,
the jury found for plaintiff below, and defendant, Louis
Dubois, took his appeal and brings this cause here.

The matter raised by this appeal for this court to decide
is what is necessary in Florida to be proven to recover in
ejectment, or to put defendant to proof of his title. We
contend that when the plaintiff in ejectment has proven a
*legal title* in himself to the premises involved, such plaintiff

or his ancestors or grantors are presumed to have been possessed thereof within seven years, and the occupation of defendant not showing any title is deemed to be in subordination to the legal title, to wit: of plaintiff. This is the statute of the State of Florida as we understand it, and no matter what may be the rule as to proof title elsewhere establishing a *legal title* is sufficient in this State. We ask this court's careful consideration of our statute on this point. See McC. Dig., p. 731, sec. 4.

The language of section and explanatory note on margin is plain, "possession is presumed from legal title." Defendant below insisted there and insists here, that plaintiff must prove more than legal title, to wit: right of entry, by showing plaintiff's or his grantor's former possession. We contend under this statute our former possession and consequent right of entry is presumed when we prove legal title, unless defendant proves the contrary. The clear intention of this statute is to put defendant to showing under what claim he holds as against the legal title.

This statute was passed subsequent to the case of Doe *ex dem.* Magruder vs. Roe, &c., 13th Florida, 607. That is the only case in this State touching this subject in question, and there this court only decides in effect that right of possession does not *so absolutely* follow legal title as to preclude defendant from showing his title and right of possession which the court below did in that case. In this case at bar defendant did not undertake to show anything. But as we have said, the statute above referred to, passed in February 27, A. D. 1872, chapter 1869, settles this point.

It has been decided in many cases that title and seisin are always considered to be united until disseisin *is shown*, and a conveyance is not presumed in favor of a defendant to defeat the claim of a party showing good paper title unless defendant *shows some rightful claim to his possession.* See

3 Wendell, 149 ; 8 East's Rep., 263 ; 2 Wend., 14, 35 and 38 ; 11 East, 372 ; Angel's Limitations, secs. 384, 385 ; 7 Wheat., 59, and other cases cited to these sections.

In cases of these State lands, acquired of the Trustees of Internal Improvement Fund, as plaintiff's deeds recite his are, it is decided in many States from the nature of the lands the courts consider possession as following ownership. 14 Johns., N. Y., 405 ; Ibid, 262.

And in South Carolina a statute similar to ours, that possession is deemed to be in him who has legal title, is explained and upheld. 2 Bailey Rep., 101.

We think an examination into the history of the action of ejectment shows, that first it was an action for damages by tenant in possession for trespass, then right of possession was attached, then by legal fiction parties contested title through fictitious lessees and evictions; now in our State all the English fiction, as to entry and ouster, in order to test title in ejectment, having been abolished, it seems to us unnecessary in the first instance for plaintiff to show any former entry or possession in their grantor, if defendant can show that plaintiff's grantor *was not in possession* when plaintiff's deed was made, then that would defeat plaintiff's title; but in this State ejectment settles title and former entry or showing of possession is unnecessary in first instance by plaintiff.

THE CHIEF-JUSTICE delivered the opinion of the court.

Ejectment brought by Holmes against appellant for two parcels of land in Duval county. Plea, not guilty.

Plaintiff introduced in evidence a deed to himself executed by Thomas Coskery in 1879, and a deed by J. J. Daniel to plaintiff in 1881, conveying the respective parcels. These deeds comprised the whole evidence.

The court charged the jury that if it found that Coskery

and Daniel conveyed by deeds duly executed the land sued for and that defendant has shown no legal title or right of possession their verdict should be for the plaintiff. Defendant excepted.

Defendant's counsel asked the court to instruct the jury that unless they find from the testimony some other source of title or right of possession than is afforded by the deeds of Coskery and of Daniel they should find for defendant. The court refused so to charge and exception was taken.

Verdict for plaintiff and judgment thereon from which defendant appealed.

It is incumbent on the plaintiff in ejectment to prove proper conveyances from a party having the title. If the conveyance is from a party in peaceable possession claiming title at the time it was executed, that is sufficient for that is *prima facie* evidence of title. Tyler on Ejectment, 541. The production of a deed of conveyance, upon the trial of an action of ejectment, will not entitle a plaintiff to a verdict when the title is in dispute. Nor will such evidence put the adverse party upon his defence. He must show in addition, either that his grantor and those under whom he claims had the title or the possession claiming title. Dominy vs. Miller, 33 Barbour, 386; Stevens vs. Hauser, 39 N. Y., 302. In the absence of a regular documentary title there should have been introduced at least presumptive evidence by showing some possession, or other fact such as is allowed by the common law to make out a *prima facie* case of ownership. The giving of a deed is no evidence of title in the grantor. Smith vs. Lawrence, 12 Mich., 431.

This is believed to be the rule everywhere except in Massachusetts. Artemas Ward vs. Fuller, 15 Pick., 185; Higbee vs. Rice, 5 Mass., 352. But there the rule is founded upon the phraseology of the statute.

Here we have no evidence that plaintiff's grantor ever

had title or possession. It is not a case of vacant or unoccupied land for the defendant is in possession, and the plaintiff must show a superior right in himself or his grantors.

It is claimed here that Coskery and Daniel have a title because they have executed a deed. Plaintiff claims under their title but no possession in them is shown.

The judgment is reversed and the court below will set aside the verdict and grant a new trial.