Florida Southern Ry. Co. v. Burt, Admx.—Syllabus.

THE FLORIDA SOUTHERN RAILWAY COMPANY, PLAIN-
TIFF IN ERROR, VS. ANNA G. BURT, AS ADMINIS-
TRATRIX OF GEORGE BURT, DECEASED, DEFENDANT
IN ERROR.

| | |
|---|---|
| 36 | 497 |
| 37 | 466 |
| 36 | 497 |
| 38 | 58 |
| 36 | 497 |
| s43 | 341 |
| 36 | 497 |
| 47 | 220 |
| 36 | 497 |
| 52 | 255 |
| f52 | 256 |
| 36 | 497 |
| 56 | 288 |
| 56 | 564 |

1. A deed without any evidence of the possession by the grantor of the premises conveyed is not sufficient evidence of title to warrant a recovery in an action of ejectment. The giving of a deed to the premises is no evidence of title in the grantor.

2. In an action of ejectment where the reliance of the plaintiff is exclusively upon a paper title, it is not sufficient to show possession by a grantor at some remote period, but he must have been in possession at or near the time of the execution of the deed by him.

3. In such a case it is necessary for the plaintiff to trace his title back to the ultimate source of title, or to a grantor in actual possession.

4. It is extremely doubtful whether testimony *in haec verba* that a party was in possession of lands is of any weight. Possession may often be a matter of opinion. In proving possession of land the facts should be shown which in law constitute possession.

5. Recitals in deeds do not bind strangers holding adversely and claiming title by adverse possession. The making of contracts to sell land is not of itself evidence of possession.

Writ of Error to the Circuit Court for Putnam county.

The facts in the case are stated in the opinion of the court.

*R. W. & W. M. Davis* and *T. M. Day, Jr.*, for Plaintiff in Error.

*W. W. Dewhurst*, for Defendant in Error.

32

LIDDON, J.:

George Burt, the intestate of the defendant in error, recovered a judgment in ejectment against the plaintiff in error. Subsequent to the removal of the case to this court he died, and his administratrix has here been made a party to the proceedings.

The declaration plead to was in the ordinary statutory form, and pleas (1) of not guilty, and (2) denying possession of the premises, were filed. The trial was had upon issues joined upon these pleas.

The plaintiff in error contends that the verdict and judgment against it in the Circuit Court was without evidence to support it. Upon this point it is insisted that the plaintiff in the court below did not show sufficient evidence of a title to the land in dispute. The property in controversy were portions of certain blocks of land described as being in the city of Palatka and bounded by certain named streets of said city. The testimony shows that they were all situated without the more thickly inhabited portions of the city, and were wholly uninhabited, unenclosed and were not cultivated or improved in any manner whatever, unless, perhaps, by the building of the railroad of the defendant upon a portion of them, and on account of the eviction of which the suit was brought. The streets, or most of them, in the immediate vacinity of the blocks sued for were streets existing only upon a map, or streets in name only, the adjoining properties not being built upon, and the streets themselves not being, to any appreciable extent, improved or adapted for use, or used as public highways. The plaintiff offered in evidence a deed of one James Burt to himself, and several other deeds, as a chain of title, but not reaching back to the sovereignty in the soil. The

plaintiff himself had never been in actual possession, and stated that no one was upon the lots at the time he purchased them.

The only claim by counsel for defendant in error as to direct proof of possession in any of his grantors is as to James Burt, his brother, and immediate grantor. The deed of James Burt to the plaintiff was executed August 3d, 1858. The plaintiff testified as follows: Question: Has any one ever disputed your right to the possession up to the time of your controversy with the railroad company or claimed title against you? Answer: No sir. On further examination, as follows: Question: Do you know whether your brother was in possession of these lands before he sold them to you, and whether he paid taxes upon them? Answer: Yes sir; he paid taxes. I presume so from the fact of never hearing anything about the taxes." It is not by any means clear that the witness intended to say that his brother was ever in possession of the lands. Admitting that the affirmation, "yes sir," applies to the whole question, and not to the latter part of it in reference to the payment of taxes, it is not a direct assertion of possession. The question was only if he knew whether his brother was in possession, and the witness affirms that he has knowledge upon the subject without stating the matters of such knowledge. The evidence is seriously defective as to the point of time of the brother's possession. If we concede that the witness swore that his brother was in possession, what was the date of such possession? He is only shown to have been in possession before the sale to the witness. He is not shown to have been in possession at or near the time of such sale. It might have been many years before the sale that he was in such possession, and his possession may have ceased many

years before the sale. It is not shown that he was in possession after the deed to him shown in the record, or that his possession was under any claim of right or title. It is established in this State that a deed without any evidence of the possession by the grantor of the premises conveyed is not sufficient evidence of title to warrant a recovery in an action of ejectment, and that the giving of a deed to the premises is no evidence of title in the grantor. Dubois vs. Holmes, 20 Fla. 834; L'Engle vs. Reed, 27 Fla. 345, 9 South. Rep. 213. Neither, in a case of this character, where the reliance is exclusively upon a paper title, is it sufficient to show possession by the grantor at some remote period, but he must have been in possession at or near the time of the execution of the deed by him. The principle is thus stated in L'Engle vs. Reed, *supra:* "A plaintiff in ejectment must show a better title than that of defendant, or a prior actual possession to that of defendant or a good conveyance to himself from one in actual possession and prior to that of defendant, in order to put the defendant to the necessity of supporting his possession by a title superior to one of naked possession." In Start vs. Clegg, 83 Ind. 78, text 85, it is said: "To show title in himself such as would draw to it constructive possession of the land in controversy, it was necessary for the appellant to trace his title back to the ultimate source of title, or show that his grantor was in actual possession." See, also, Sedgwick & Wait on Trial of Title to Land, sec. 723. In a later case (Peck vs. Louisville, New Albany & Chicago Ry. Co., 101 Ind. 366) the same court has said: "A plaintiff in ejectment must trace his title to the United States, or to some grantor in possession at the date of his conveyance." To the same effect is Miller vs. Long Island R. R. Co., 71 N. Y. 380;

Florida Southern Ry. Co. vs. Loring, 2 C. C. A. 546, S. C. 51 Fed. Rep. 932. It is also extremely doubtful whether testimony *in haec verba* that a party was in possession of lands is of any weight. Possession may often be a matter of opinion. In proving possession of land, the facts should be shown which in law constitutes possession. Miller vs. Long Island R. R. Co., *supra.*

The defendant in error contends also that he proved possession in some of his grantors by recitals in deeds forming links in his chain of title, to the effect that certain other portions of land than that sued for, but included in the same deed of conveyance and forming part of the same original tract were reserved from the deed, or had been sold, or contracted to be sold by some of his grantors or predecessors. There is no proof of any possession of the portions so reserved, or so sold, or contracted to be sold. These recitals in deeds would not bind a stranger to them, even if they related to the precise land in dispute. The mere making of contracts to sell land, is not in itself evidence of possession. Dubois vs. Holmes, 20 Fla. 834.

The defendant below requested the court to charge the jury as follows: "10th. The court instructs the jury that the plaintiff to recover must trace his title back to the United States, or to a grantor in possession; and if he has not done so, you will find for the defendant." The court refused to give the instruction. From what has just been stated as to the character of the proof of possession which must be made by the plaintiff to entitle him to recover, it follows that the instruction asked for correctly states the law applicable to the case, and should have been given to the jury. It was error to refuse it.

Several other questions are suggested in argument

of counsel. Among other things it is contended that the defendant corporation could not maintain its claim of title by adverse possession, because such possession was not with a claim of title in fee or an absolute appropriation of the lands, but only with a claim of right of way or easement to maintain and operate its road over the same. As the plaintiff proved no such title as would put the defendant upon proof of title by adverse possession, it is idle to inquire what would have been proper charges to be given by the court, or what would have been the extent of plaintiff's recovery if he had shown a good title to the land, and that the defendant corporation had only had possession of the same under a claim of an easement of the character mentioned.

The judgment of the Circuit Court is reversed and a new trial ordered.