LIZARDI B. GOODWIN ET AL., PLAINTIFFS IN ERROR, VS. JAMES M. MARKWELL, DEFENDANT IN ERROR.

1. The general rule in ejectment restricting a plaintiff to a recovery upon the strength of his own title, does not require the production of a perfect chain of title from the original source, as against one wrongfully in possession.

2. When one goes into possession of land under a contract of purchase without paying the purchase money, he thereby admits the title of the vendor, and his tenure is at will, or in trust, rather than a disseisin.

3. Questions tending to develop the fact that the defendant had gone into possession of land sued for under a contract of purchase from the plaintiff, had failed to comply with said contract, and had refused to surrender possession of the land, should not be excluded on the grounds that no sufficient foundation had been laid, the answers thereto were not pertinent to the issue, and no legal title was shown, or offered to be shown, in plaintiff.

Writ of error to the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*Barron Phillips* and *W. A. Carter*, for Plaintiffs in Error.

*Sparkman & Sparkman*, for Defendant in Error.

MABRY, C. J.:

The action here is ejectment instituted by plaintiffs in error, in right of the wife, against defendant in error, to recover a described lot of land in Hillsborough county, and the judgment in the Circuit Court was in favor of the defendant.

The plaintiff Lazardi B. Goodwin was produced as a witness, and the bill of exceptions recites that plaintiffs offered to prove by her that she was in possession of the land in question, claiming it as her own property, before the defendant Markwell went into possession; that he went into possession under a contract of sale from her, and failed to comply with said contract, and refused to deliver possession of the land. Thereupon the following questions were propounded to the witness, *viz:* Please state whether or not you were in possession of the land in controversy, claiming it as your own property, before Markwell, the defendant, went into possession of the same; and whether or not you placed Markwell in possession under contract from yourself to sell him the land; and whether or not Markwell complied with said contract of sale; and whether or not he ever surrendered possession of the land to you? Objections were made to the questions on the grounds that plaintiffs had laid no sufficient

foundation for the questions; that the answer sought to be elicited thereby were not pertinent to the issue; and that the plaintiffs had not shown, or offered to show, any legal title to the land in question. The court sustanied the objections and plaintiffs excepted, and no further evidence being offered, verdict and judgment were rendered for defendant.

In our opinion the objections sustained by the court to the questions propounded to Mrs. Goodwin were not good. The rule announced in Hart vs. Bostwick, 14 Fla. 162, is, that where one agrees to buy and another to sell land, and the consideration is not paid, and the party contracting to buy enters into possession, inasmuch as the fair inference is that the entry and possession are in subordination to the title of the seller until the stipulated payment is made, such entry and possession are not adverse; and until payment, or until the party in possession repudiates the seller's title and asserts his own, with knowledge of such assertion brought home to the seller, the statute of limitations does not begin to run.

The general rule in ejectment restricting a plaintiff to a recovery upon the strength of his own title, does not require the production of a perfect chain of title from the original source, as against one wrongfully in possession, as in such a case plaintiff may recover by showing a prior actual possession to that of the defendant, or a good conveyance of himself from one in actual possession, and prior to that of the defendant, not showing a better right. Ashmead vs. Wilson, 22 Fla. 255; L'Engle vs. Reed, 27 Fla. 345, 9 South. Rep. 213; Florida Southern Ry. Co. vs. Burt, 36 Fla. 497, 10 South. Rep. 581. As the present action involves the right of plaintiffs to recover the land in question,

it is apparent that, considering the evidence sought to be elicited by the questions, and excluded by the court, in connection with the offer made, the purpose was to show that Mrs. Goodwin was in possession of the land as owner, and that defendant went into possession under a contract of sale from her, and that he failed to comply with the contract, and refused to surrender possession of the land. It can not be said that there was no foundation for the introduction of the proposed testimony, or that it was not pertinent to the issue in the case. Nor was it necessary, if defendant went into possession under a contract of sale from Mrs. Goodwin, for plaintiffs to show, or offer to show, a legal title to the land in question. The authorities clearly establish the principle that if one goes into possession of land under contract of purchase without paying the purchase money, he thereby admits the title of the vendor. Hart vs. Bostwick, *supra*. The result is, that none of the grounds of objection to the proposed testimony was valid, and the court should have overruled them.

In reference to the contention here that the offered testimony, taken as an entirety, does not show that the right of possession in the defendant was terminated before the day of the demise in the declaration, it is sufficient to say that no such objection appears to have been raised in the trial court. It does appear that plaintiffs proposed to prove, and the questions propounded tended to develop the fact, that defendant had failed to comply with his contract, and had refused to surrender possession of the land. Whether the failure and refusal were before or after suit brought, could have been evolved by the answers to the questions. Where one enters into possession of

land under a contract of purchase, but without paying the purchase money, his tenure, it is said, is one; at will, or in trust, rather than a disseisin, and in such a case a question may arise as to the necessity of a demand before suit (Dolittle vs. Eddy, 7 Barb. 74); but the rejected testimony in the present case tended to establish the right of plaintiffs to recover, and the objections made to it were not valid, and for the error in sustaining them the judgment will be reversed. Ordered accordingly.