FRANK SMITH, *Plaintiff in Error,* v. CHARLES KLAY AND LUCINDA KLAY, HIS WIFE, *Defendants in Error.*

EJECTMENT — ADVERSE POSSESSION — DEED MADE WHILE GRANTOR OUT OF POSSESSION—AFFIRMATIVE CHARGE.

1. Where land is sold and purchased by a *parol* agreement, the agreed purchase price to be paid in the future, and the purchaser is at once put into possession, such possession does not become *adverse* to the title of the vendors so long as any part of the purchase price remains unpaid; and such vendors, so long as any part of such purchase price remains unpaid, may execute a valid deed of conveyance to a third party, which deed will

be effectual to convey title as against the non-complying parol purchaser in actual possession. But if such parol purchaser has *fully paid* the agreed purchase price, then his possession becomes *adverse* in law, and any deed of conveyance made by his vendors or by their heirs at law while such purchaser is in the *adverse* possession of the land will not be effectual to convey title, or to support an action of ejectment as against such purchaser in *adverse* possession.

2. It is error for the court to give an affirmative charge to the jury instructing them to find for the plaintiff when there is conflicting evidence upon a material issue in the case, and when the circumstances are such that if the jury should settle such conflicting evidence in the defendant's favor, it would entitle the defendant to a verdict.

This case was decided by Division A.

Writ of error to the Circuit Court for Calhoun county.

### Statement.

The defendants in error, as plaintiffs below, brought their action of ejectment in the Circuit Court of Calhoun county against the plaintiff in error as defendant below for recovery of a certain tract of land in said county. The trial resulted in a verdict and judgment in favor of plaintiffs, and the defendant 'seeks its reversal by this writ of error.

There was a plea of not guilty, and a plea upon equitable grounds to the effect that the defendant had about twenty years before purchased the land in dispute from its then owners at an agreed price and had then been put into the possession thereof by such vendors, and that he had ever since been in the undisputed adverse possession thereof as purchaser and owner, and had built upon, cleared and otherwise improved portions thereof and actually resided thereon, and that he had long ago fully paid the agreed purchase price, and was fully entitled to a deed thereto from his vendors, who had frequently promised and agreed to execute such deed, but that they procrastinated until he

threatened legal proceedings to enforce his rights, when, with intent to defeat and defraud him out of his said property, his vendors, conspiring with the plaintiffs who were their relatives, executed to them a deed of conveyance to same while the defendant was in full and peaceable and adverse possession thereof under his former purchase thereof.

The undisputed facts adduced at the trial were in substance as follows: That the defendant Smith about the year 1881 or 1882 contracted with one C. McKeown, wife of W. J. McKeown, to buy the land at the agreed price of $100, she being then the owner thereof; that Smith at the time of his purchase went into immediate possession as purchaser, built thereon, cleared portions of it and cultivated it and had continuously remained in possession thereof, making it his home from the time of his purchase up to the time of the trial; that since the sale of the land to Smith, C. McKeown, his vendor, and the former wife of W. J. McKeown, had died, and that after her death, on the twenty-fourth day of January, 1901, W. J. McKeown and Joshua McKeown and his wife as her heirs at law had made a deed of conveyance of the property to the plaintiffs. This is the deed under which alone the plaintiffs claim title, and was executed and delivered while the grantors therein were not in actual possession of the property in dispute, but while such property was in the actual possession of the defendant Smith. There was evidence to the effect that Smith had fully paid to his vendors the agreed purchase price, but there was a conflict of evidence on this point.

The court at the conclusion of the evidence, and at the request of the plaintiffs, gave to the jury an affirmative charge instructing them to find in favor of the plaintiffs.

*Rivers H. Buford* for plaintiff in error.

*John M. Calhoun* for defendants in error.

TAYLOR, C. J. (*after stating the facts*).—The court below erred in charging the jury affirmatively to find for the plaintiffs. The undisputed facts in proof were that the deed of conveyance to the plaintiffs, under which alone they claimed any right in or title to the land in dispute, was executed and delivered when the grantors therein were not in the actual possession of the land in controversy, but when the defendant Smith was in the actual possession thereof claiming title thereto as former purchaser thereof. There was conflict in the proofs as to whether Smith had *fully paid the agreed purchase price* for the land.

It was for the jury to pass upon this conflict. If the question had been left to the jury, as it should have been, and they had arrived at the conclusion that Smith had *not* paid the full purchase price, then the law is that his possession was *not adverse* to the title of his vendors and the deed from such vendors to the plaintiffs in such event would have been effectual to convey title to them as against Smith. *Gamble v. Hamilton and House,* 31 Fla. 401, 12 South Rep. 229. But if, on the other hand, the jury *had* found from the conflicting evidence that Smith *had in fact fully paid* the agreed purchase price of the land, then in such event his admitted possession would have been *adverse* in law to the title of his vendors, and then, in such event, the deed from the heirs of his vendors made to the plaintiffs while he was in such *adverse* possession, would have been ineffectual to convey to them any such title as would have sustained a recovery in their favor in ejectment as against Smith. And in the latter event such deed, if executed and delivered while Smith was in the *adverse* possession of the land, was not enough to drive him to the exhibition of any other title than his actual *adverse possession* of the land at the time of the execution of such deed, and if the jury believed from the evidence that the defendant Smith was in the actual *adverse* possession of the land at the time of the execution and delivery of such deed to the plaintiffs, their verdict should have been in favor of the de-

fendant. *Dubois v. Holmes,* 20 Fla. 834; *L'Engle v. Reed,* 27 Fla. 345, 9 South. Rep. 213; *Fla. So. Ry. Co. v. Burt,* 36 Fla. 497, 18 South. Rep. 581.

As this disposes of the whole case, there is no necessity to notice other errors assigned. For the error adjudged the judgment of the court below is reversed and a new trial ordered, the cost of the appellate proceeding to be taxed against the defendants in error.

HOCKER and SHACKLEFORD, JJ., concur.

CARTER, P. J., and MAXWELL and COCKRELL, JJ., concur in the opinion.