Harris v. Butler—Opinion of Court.

G. H. HARRIS, PLAINTIFF IN ERROR, v. W. O. BUTLER, DEFENDANT IN ERROR.

1. Where the defendant in ejectment is in actual possession of the land in controversy, the plaintiff can not recover when he fails to show legal title in himself or that he was in prior actual possession of the land and was ousted by the defendant.

2. In an action of ejectment where the plaintiff offers no documentary evidence of title, but simply presents testimony that the land was reported to belong to him; that he paid for and got a deed to the land; that the deed was recorded and lost and the record of it destroyed by fire; that he exercised acts of ownership over the land, paid taxes on it and had an agent look out for it and report any trespassing on it; that he lives near twelve miles from the land, and makes no showing that he actually occupied any part of the land, or that he cultivated or improved it, or that he fenced or used it for the ordinary use of an occupant, judgment is properly entered for the defendant.

This case was decided by Division A.

Writ of error to the Circuit Court for Holmes County.

The facts in the case are stated in the opinion of the court.

*D. L. McKinnon,* for Plaintiff in Error;

*W. O. Butler, in pro. per.*

WHITFIELD, J.: On November 2nd, 1898, the plaintiff in error brought an action of ejectment in the Circuit Court for Holmes county against the defendant in error to re-

cover the $e\frac{1}{2}$ of $se\frac{1}{4}$ of Section 7, T. 6 n. R. 14 w., containing about 80 acres of land in Holmes county, Florida, alleged to be in the possession of the defendant. The defendant pleaded the general issue. A jury was waived and the trial was had before the judge, who found for the defendant. A motion for new trial was made, the grounds being: "(1) The finding is contrary to the evidence, the weight of the evidence, and contrary to law; (2) The finding is without evidence to support it as the plaintiff showed possession for more than seven years, under a lost deed, prior to the claim of the defendant, and defendant introduced no evidence whatever to sustain his claim or disprove the possession and title of the plaintiff; (3) The court erred in finding for the defendant whom the evidence shows to have been a trespasser without the show of title, while the evidence shows that the plaintiff took possession under color of title." The motion being overruled an exception was taken. Judgment was entered for the defendant and the plaintiff upon writ of error assigns as errors: (1) The finding in favor of the defendant and entering judgment against the plaintiff; (2) The denial of the motion for a new trial on each of the several grounds therein stated.

The declaration alleged, and under the statute the plea of the general issue admitted, that the defendant was in possession of the land described in the declaration.

Where the defendant in ejectment is in actual possession of the land in controversy, the plaintiff cannot recover when he fails to show legal title in himself or that he was in prior actual possession of the land and was ousted by the defendant. See Hartley v. Ferrell, 9 Fla. 374; Seymour v. Creswell, 18 Fla. 29; Simmons v. Spratt, 20 Fla. 495; Ashmead v. Wilson, 22 Fla. 255; L'Engle v.

Reed, 27 Fla. 345, 9 South. Rep. 213; Florida Southern Ry. Co. v. Burt, 36 Fla. 497, 18 South. Rep. 581; Godwin v. Markwell, 37 Fla. 464, 19 South. Rep. 885; Jackson v. Haisley, 35 Fla. 587, 17 South. Rep. 631.

In this case no deeds or other instruments conveying title were introduced in evidence. The depositions taken in 1901 of several witnesses for the plaintiff were put in evidence without objection. In one of the depositions the plaintiff testified that he knew the location of the land and had known it aboue seventeen years; that it was reported to belong to him; that he paid for and had a deed to the land; that the deed was properly recorded, but it had been lost and the record of it destroyed by fire; that he went into possession of the land under his said deed about 1883, and exercised acts of ownership over the land, paid taxes on it and had an agent to look out for it and to report any trespassing on it; that he made the improvements to be in possession of the land, the nature of the improvements not being stated; that the land was wild and uncultivated prior to 1882; that he held tax receipts showing that William Loftin was paying taxes on the land thirty years ago; that William Loftin did not exercise any acts of ownership over the land after 1882; that plaintiff has paid taxes on it since that time; that neither William Loftin nor Mary Jane Loftin interfered with plaintiff in the possession of the land "until a few years back" when he was served with a temporary injunction from the court in behalf of Mary Jane Loftin; that he lives near twelve miles from the land; that William Loftin knew that the land was sold for its taxes about 1880, and purchased by plaintiff's grantors, and a deed made to them of the land; that the land was not redeemed by William Loftin who knew plaintiff "purchased it and

went into possession of it ten or twelve years;" that since plaintiff went into possession of the land he has continued to possess it and exercise acts of ownership over it. Other witnesses for the plaintiff testified by depositions not objected to that prior to 1881 the land was reported to be William Loftin's; that since then for some years it was reported to be G. H. Harris' land. There is no testimony as to the date or character of the lost deed under which the plaintiff testified that he went into possession of the land. The name of the grantor in the lost deed is not given; nor is it stated that the person who executed the deed to the plaintiff had a right to convey the title or had possession of the land. There is no showing that the plaintiff actually occupied any part of the land, or that he cultivated or improved it, or that he protected it by a substantial enclosure, or that he used the land by getting fuel, &c., from it or his ordinary use as an occupant. The only testimony as to improvements on the land is that prior to 1882 only an "ordinary shack" was built thereon.

The plaintiff established no title in himself by adverse possession or otherwise. No facts are testified to which show the possession required by law. Florida Southern Ry. Co. v. Burt, 36 Fla. 497, 18 South. Rep. 581. No such prior actual possession and ouster of the plaintiff are shown as would entitle the plaintiff to a judgment in his favor. See L'Engle v. Reed, 27 Fla. 345, 9 South. Rep. 213; Seymour v. Creswell, 18 Fla. 29. There was consequently no error in rendering judgment for the defendant.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.