J. C. HOGANS, *Plaintiff in Error*, v. E. A. DEMPS, *Defendant in Error*.

1. Where testimony is rejected that seeks to establish a fact that is afterwards found to be a truly existent fact by the referee the error in such rejection if any, is harmless.

2. Where asserted error in rejecting testimony is not clearly made to appear the presumption that the court ruled correctly must prevail.

12—Vol. 63.

3.  It is not error to reject testimony as to the breach of an agreement when there is no evidence of the existence of such agreement.

Writ of error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*L. E. Roberson,* for Plaintiff in Error;

*McCollum & Harrell,* for Defendant in Error.

PER CURIAM.—Hogans brought ejectment against Demps. A former judgment for the plaintiff was reversed because a present right of possession in the plaintiff was not shown. Demps v. Hogan, 57 Fla. 60, 48 South. Rep. 998. A second trial was before a referee and resulted in a judgment for defendant, to which plaintiff took writ of error. The transcript does not purport to contain all the evidence adduced at the trial, therefore the grounds of the motion for new trial that the finding is contrary to the evidence cannot be considered here. There is nothing to indicate that the finding and judgment are contrary to law.

At the trial the plaintiff offered testimony that he authorized his agent to put the defendant in possession of the land. The questions asked are not in the transcript. If the questions asked are not objectionable in form, the error if any in excluding the testimony sought to be adduced, is rendered immaterial in view of the finding of the referee that the defendant is in possession of the lands by authority of the plaintiff.

An offer of testimony that plaintiff was in possession of the lands claiming them as his own before the deefndant went into possession, was objected to on the grounds that it called for an opinion of the witness and that facts were not asked for. The objection was sustained. As the particular questions asked are not before us, it must be assumed that the referee excluded them because they were subject to the specific objection made to them that they called for opinion and not facts.

Testimony offered to prove that the defendant had not paid or offered to pay the plaintiff the purchase price of the land, does not appear to have been improperly excluded since no contract or promise to pay appears. All the evidence not being in the transcript to show reversible errors if any, the rulings complained of are not shown to be erroneous.. See Falk v. Kimmerle, 57 Fla. 70, 49 South. Rep. 504. In the case of Goodwin v. Markwell, 37 Fla. 464, 19 South. Rep. 885, the offer was to prove the existence of a contract and a compliance with it.

No reversible error being made to appear the judgment is affirmed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.