Amanda Wade, *Plaintiff in Error*, v. Louisville & Nashville Railroad Company, a Corporation, *Defendant in Error*.

In an action where the negligence complained of is the running of a train at excessive speed without a headlight, and the evidence shows that the speed of the train and the absence of the headlight were not the cause of the accident, but that the negligence of the person injured in not leaving the track when warned to do so was the cause of the injury, the giving of an affirmative charge for the defendant was not error.

This case was decided by Division A.

Writ of Error from the Circuit Court for Holmes' County.

The facts in the case are stated in the opinion of the court.

*D. L. McKinnon,* for plaintiff in error;

*Blount & Blount & Carter,* for defendant in error.

WHITFIELD, J.—The plaintiff in error brought an action in the circuit court for Holmes county against the Louisville and Nashville Railroad Company to recover damages for the death of her husband who is alleged to have been killed while riding on a lever or hand car by the negligence of the company in running an engine backward at a high rate of speed about dark without any light to advise of its approach.

On a former writ of error in this cause it was held that the statute allowing employes to recover for injuries caused by the negligence of another employe in running of locomotives, etc., has no application to this case as the deceased, though in the employment of the principal whose servant's negligence occasioned the injury, was not when killed engaged in the performance of his duties as such employe; but had left the scene of his labors and was engaged in the pursuit of his own ends. Louisville & N. R. Co. v. Wade, 46 Fla. 197, 35 South. Rep. 863.

It was also held that the person killed was not a licensee rightfully upon the track of the defendant at the time of the accident and death, and that upon the showing made the measure of duty or care the defendant company owed to the person killed was that due to a

trespasser upon the track at the time and place of the injury to him.

At a subsequent trial the court directed a verdict for the defendant, but an order granting a new trial was affirmed here, the merits of the case not being considered. Louisville & N. R. Co. v. Wade, 49 Fla. 179, 38 South. Rep. 49.

Another trial was had in May, 1907, and the court again directed a verdict for the defendant. Exception was taken by the plaintiff to the affirmative charge and to an order denying a new trial. Plaintiff took writ of error and assigns the affirmative charge and the refusal of a new trial as errors.

The deceased and several others were without authority going west on a hand car propelled in part by deceased on defendant's railroad without a light after dark. A train going east with the engine pulling backward collided with the hand car. Being warned of an approaching train all jumped from the hand car and escaped injury except the deceased who disregarded the timely warning given him by his companions and was killed by the collision though the hand car was not thrown from the track, but was pushed along ahead of the train for some distance. The deceased was found dead upon the hand car his neck having been broken by the collision.

By section 3148 of the General Statutes it is provided that a railroad company shall be liable for any damage done to persons by the running of the locomotives or cars or other machinery of such company or for damage done by any person in the employ and service of such company, unless the company shall make it appear that its agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company.

Section 1496 of the General Statutes provides that if upon the conclusion of the argument of counsel in any civil case after all the evidence shall have been submitted, it be apparent to the judge that no evidence has been submitted upon which the jury could lawfully find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party.

An affirmative charge directing a verdict for the defendant should not be given unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury and not passed upon by the judge in giving the affirmative charge. Florida Cent. & P. R. Co. v. Williams, 37 Fla. 406, 20 South. Rep. 558.

The trial judge having directed the jury to find for the defendant it must be determined whether any evidence was submitted at the trial upon which the jury could lawfully have found a verdict for the plaintiff. The statute above quoted imposes a liability upon the company for damage done unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company. The killing by the accident is not denied; but from the evidence it appears that the servants of the company exercised all ordinary and reasonable care and diligence in the operation of the train at the time of the accident. Witnesses who were on the hand car with the deceased and assisting in propelling it testified that they were warned of the approaching train before they saw it, and endeavored to get the deceased to jump off the hand car with them before the collision. This being so the presence or ab-

sence of a light on the end of the train meeting the hand car is not material though there was much postive testimony that a light was in front of the train while other witnesses were not positive that it was not there. The accident occurred in a cut and it does not appear that a light ahead of the train would have given the deceased, a trespasser, more timely warning than was otherwise given. The evidence as to the speed of the train varies from ten to thirty-five miles an hour, but there is uncontradicted evidence that the hand car on which deceased was killed was not thrown from the track by the head-on collision; that the hand car was pushed along in front of the train for some distance, and when the train was stopped the deceased was found dead on the hand car, his neck having been broken by the collision. The speed of the train could not have been very excessive or the hand car approaching from the opposite direction would have been thrown from the track.

There is uncontradicted evidence that the deceased was warned to look out for trains and of the danger he was encountering when he took the hand car to use it, and that no one looked out for trains as cautioned.

The elements of negligence relied on for recovery being the absence of a light from the rear end of the tender to the engine which was running backwards at an excessively high rate of speed wholly fail on the proofs. The presumptions against the company imposed by the statute are fully overcome by the facts and circumstances in evidence at the trial. There was positive testimony that the deceased had been drinking that day and that he was warned of the danger of the approaching train in time to escape harm as others with him did; but he neglected to heed the admonition of his companions saying in response to the friendly and timely warning given him by his companions "By God, let her come."

The company owed the trespasser no more than the duty of due care and diligence to avoid injury and this duty appears to have been performed, while the deceased failed to exercise ordinary care to save himself, as is shown by the escape of his companions who warned him. The reason for running the engine backwards was explained and deceased appears to have known of the practice. The rate of speed does not appear to have been unusual or excessive. Even if there was no light on the front end of the train to warn trespassers the persons on the hand car were warned of the approaching train in time to escape unhurt, so the presence or absence of a light becomes immaterial in this case.

Under this evidence the trial judge was warranted in holding that the jury could not have lawfully found a verdict for the plaintiff; and consequently there was no error in giving the affirmative charge for the defendant.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.