# *Doe ex dem.* Alabama State Land Co. *v.* McCullough, *et al.*

### *Ejectment.*

(Decided April 16, 1908. 45 South. 472.)

1. *Alteration of Instruments; Effect; Patent.*—Where the description of land is inserted in a patent after its issuance and delivery, the title to such land is not conveyed by such patent.

2. *Adverse Possession; Evidence; Sufficiency.*—The evidence in this case stated and examined and held not sufficient to show such actual possession of the land for the period required to support a claim of title by adverse possession.

3. *Same; Acquisition of Title Thereby.*—Actual and continuous possession of the land is essential to the acquisition of title thereto by adverse possession, whether with or without color of title.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Ejectment by the Alabama State Land Company against Richard McCullough and others; defendants McCullough and Mobb's plea of disclaimer being confessed. From a judgment for defendant Hill, plaintiff appeals. Reversed and remanded.

The defendants McCullough and Mobb interposed a plea of disclaimer, which was confessed. The defendant Hill disclaimed as to part of the land and interposed a plea of not guilty as to others. It was admitted that, unless the patent from the government to Emery Sharp covered the land sued for, plaintiff succeeded by mesne conveyances to the title to the land sued for, which vested in the state of Alabama under the acts of Congress granting lands to the state in aid of the construction of railroads. The bill of exceptions does not disclose what alterations were made in the description of the land as conveyed by the patent, but states that the plaintiff objected to its introduction on the ground that it appeared upon its face that alterations therein had been made in the descriptions of the land covered by the patent. It was shown that the patent was found in the possession of one Henderson, deceased, at the time of his death in the year 1895, and that it was then in the same condition as at present, and no alteration had been made since then. Upon this showing the court admitted the patent, so far as to submit to the jury the question as to whether it had been so altered as to change the description. The evidence as adverse possession sufficiently appears in the opinion. The plaintiff requested the following charge, which was refused: "I charge you, gentlemen of the jury, that there is no evidence of adverse possession for 10 years before the commencement of this suit."

HOWARD & HUNT, for appellant. The court erred in allowing the witness McCullough to testify as to Henderson cutting timber from the land.—*Tenn C. I. & R. R. Co. v. Lynn,* 123 Ala. 138; *Woods v. Montevallo C. & T. Co.* 84 Ala. 564; *Humes v. O'Brien,* 74 Ala. 81. The court erred in the admission of Scott's testimony; title cannot be shown that way.—*Goodson v. Brothers,* 111 Ala. 589. The court erred in admitting Sharp's patent in evidence. There was no adverse possession shown in this case as no declaration was filed as required by section 1541, Code 1896.

JOSEPH L. MCCONNELL, for appellee. It is not necessary that claim of title should be good or even thought to be good.—A. & E. Ency of Law, 286. Notoriety of possession may be shown by testimony that the land was known as H's land.—1 Cyc. 1148; *Maxwell v. Dawson,* 151 U. S. 586. Under the facts in this case Hill could defeat plaintiff's recovery by showing an outstanding title in a third person without connecting himself with it.—*Lucy v. T. & C. R. R. Co.* 92 Ala. 249; *Beard v. Ryan,* 78 Ala. 37.

ANDERSON, J.—The defendant Hill admitted a complete chain of title in the plaintiff, unless the government had previously conveyed the land under the patent to Emory Sharp. The bill of exceptions shows that said patent was changed so as to include the land in controversy, which did not appear therein when issued. If the patent was for other land, and this land was put in after its issuance, said patent could not operate to convey the title to the land put in subsequent to its issuance and delivery. The plaintiff having shown title to the land, the defendant Hill was put to his defense of adverse possession in order to defeat the plaintiff's recovery.

[Doe ex dem. Alabama State Land Co. v. McCullough, et al.]

There was no proof of adverse possession for 10 years before the suit was brought, and the trial court erred in not giving the written charge requested by the plaintiff. The only proof of any actual and continuous possession was that of the Henderson heirs, commencing in 1897. The witness McCullough testified that Henderson was in possession of the land prior to his death and cut timber therefrom about 15 years before his death, but admitted on cross-examination that he had no knowledge of any possession by Henderson, and only knew that his heirs took possession in 1897. Nor did the witness Scott testify as to any actual possession of the land prior to 1897 by Henderson or any one else. It may have been known for years before as the property of said Henderson; but the witness did not attempt to prove that Henderson was ever in actual possession of said land or any part of same.

It was immaterial whether the patent, as charged, operated as color of title to this land or not, as there was no proof that any one went into actual possession of any part of the land under said patent 10 years before the suit was brought, which fact was essential, whether with or without color to title, to defeat plaintiff's title. The trial court could have well given the general charge for the plaintiff under the proof as disclosed by the record.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

Tyson, C. J. and Dowdell and McClellan, JJ., concur.