# Harris *v.* The State.

*Carrying Concealed Weaponds..*

(Decided May 14, 1908. 46 South. 749.)

*Concealed Weapons; Evidence.*—Where defendant ate his supper at a place other than the place where he was charged with carrying the weapon concealed, it was competent to show the apparel defendant wore at supper, and after leaving the place where he ate supper, on the question of concealment; but it was immaterial as to whether or not a witness saw defendant have a weapon at supper.

APPEAL from Macon County Court.

Heard before Hon. M. B. ABERCROMBIE.

From a conviction for carrying concealed weapons, Frank Harris appeals. Affirmed.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney-General, for the State.

McCLELLAN, J,—conviction of carrying a concealed weapon. The evidence for the state tended to show that the defendant attended a supper, that while in the house he removed his coat, and that on leaving the house he replaced his coat, and after he had, with witnesses for the state, gone about 100 yards from the house, he drew from his hip pocket a pistol theretofore concealed, and unseen by them, and exhibited it to his associates, and then returned it to concealment in the pocket. The evidence for the defendant tended to show that the defendant wore no coat on the occasion in question, but did have on a baseball blouse or shirt, which did not reach below the waist line.

The election by the state was for an offense developed away from the place where the supper took place. While, of course, the apparel worn by the defendant en route to the supper, thereat, and away from it, was the proper subject of inquiry, as evidence of the concealment of the weapon, yet whether the defendant's witnesses saw him with a pistol at the supper, or not, could not, in behalf of the defendant, shed any light on the gist of the investigation, viz., did he have a concealed weapon on the occasion for which he was being tried? If his witnesses had been permitted to testify that they did not see him with a pistol at the supper, that fact would not have had any tendency to refute the asserted fact that

[State v. Albright.]

he drew a concealed weapon on the road. That the weapon was concealed at the supper would naturally forbid them seeing it. If, on the other hand, they had testified that they did see him with a pistol at the supper, that fact would have tended to support the theory of the prosecution. In any event, then, the refusal of the court to admit testimony as to whether the witnesses for the defendant saw him with a pistol at the supper was without prejudicial error to him.

There is no error in the record, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.