Bass v. Ramos—Syllabus.

O. L. BASS, *Plaintiff in Error.* v. JOHN RAMOS, *Defendant in Error.*

58    161
f58   282
f59   178
59    307
f59   360
f60   131

1. A charge directing a verdict for the defendant should never be given unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issue presented by the plaintiff, it should be submitted to the jury as a question of fact, and not taken from them and passed upon by the judge as a question of law.

2. Where it is apparent that no evidence has been submitted upon which the jury could lawfully find for the plaintiff the judge may direct a verdict for the defendant.

3. If upon the evidence adduced a verdict for the plaintiff could lawfully have been rendered, a charge of the court to find for the defendant is error that necessarily injures the plaintiff.

4. The general rule in actions of ejectment that the claimant must recover upon the strength of his own title, does not operate to prohibit the acquisition of possessory rights which may be enforced in actions of ejectment between parties in cases where the true owner does not intervene; but a prior possession, to be effective as against a mere squatter or intruder in actual possession, must be an actual unabandoned possession.

5. A plaintiff may recover possession of realty by virtue of a *proper* prior possession, for then he recovers as much upon the strength of his own title as if he shows a good title to the premises.

6. A plaintiff in ejectment without title cannot recover as against a mere intruder without title, if such plaintiff has not himself had a prior actual possession of the land.

7. A recovery in ejectment may be had by one without title but who was in prior actual and proper possession of the land and such prior possession need not have been for the statutory period necessary to mature into a perfect title by adverse possession.

11—Vol. 58.

8. In order to recover the possession of lands by the means of an action of ejectment, the plaintiff must have either a title to the lands with a present right of continued possession, or must have had actual *bona fide* possession of the lands with a right to maintain a continued possession when ousted by defendant and a present right to the possession when the action was begun.

9. In an action of ejectment if the character of the land is such that continued, actual possession is apparently not allowed by law, or if the prior possession was not actual or was unlawful or was a mere pretense or was that of an intruder or trespasser, there should be a showing of title or right of possession in order to recover possession in ejectment.

10. While ordinarily the possession of land may be presumed to be lawful, yet the character of the land, the time and manner of possession and other apparent circumstances may rebut a presumption of lawful possession and put the party claiming such possession to the proof of the lawfulness of the asserted possession.

11. Private parties cannot by ejectment recover possession of lands under navigable waters, when such parties have no legal title to or right to use the land; and even when the title is in private parties, a recovery of possession is subject to the rights of the public in the waters.

12. Where a plaintiff in ejectment shows no title but only that he had sometime previously put a one-wire fence around land in the waters of a navigable bay including the land in controversy, and employed some one to keep up the fence, the direction of a verdict for the defendant in actual possession will not be held to be error.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Avery & Avery,* for Plaintiff in Error;

*Sullivan & Sullivan,* for Defendant in Error.

WHITFIELD, C. J.—An action of ejectment in the statu-tory form was brought in the circuit court for Escambia county, Florida, by O. L. Bass to recover from John Ramos certain described lands with mesne profits. A plea of not guilty was filed. At the trial the judge in-structed the jury to return a verdict for the defendant, whereupon the plaintiff noted an exception and before the jury retired the plaintiff took a non-suit with a bill of exceptions as authorized by the statutes. Sections 1490 and 1697 Gen. Stats. of 1906.

The testimony tended to show that before the defendant took possession the plaintiff had posts with one wire be-tween them put on two sides of the space then unoccupied in the waters of the bay several feet deep and opposite to and extending several hundred feet from a designated lot in the City of Pensacola, within which space several hundred feet out in the water is the land in controversy; that the south side of the space was open to the bay; that boats passed through or under the wire on the posts erected by the plaintiff; that a person was employed by the plaintiff "to look after premises which he had en-closed and claimed in the water front of the city of Pen-sacola;" that the land was located "as being a part of the waterfront property of the city of Pensacola;" that the wire was broken by the storm, but had been repaired sev-eral times by the man who attended to it for four or five months for the plaintiff; that the one-wire fence was

there in a somewhat dilapidated condition when the defendant built a house on the land.

On writ of error taken by the plaintiff to a final judgment for the defendant it is contended that the trial court erred in directing a verdict for the defendant.

A charge directing a verdict for the defendant should never be given unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issue presented by the plaintiff, it should be submitted to the jury as a question of fact, and not taken from them and passed upon by the judge as a question of law. German American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740, and authorities cited; Starks v. Sawyer, 56 Fla. 596, 47 South. Rep. 513; McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910; 46 Am. Dig. 1232.

Where it is apparent that no evidence has been submitted upon which the jury could lawfully find for the plaintiff the judge may direct a verdict for the defendant. Section 1496 General Statutes of 1906; Wade v. Louisville & N. R. Co., 54 Fla. 277, 45 South. Rep. 472; Painter Fertilizer Co. v. DuPont, 54 Fla. 288, 45 South. Rep. 507; American Process Co. v. Florida White Press Brick Co., 56 Fla. 116, 47 South. Rep. 942. See also Tedder v. Fraleigh-Line-Smith Co., 55 Fla. 496, 46 South. Rep. 419; Town of Flora v. American Express Co., ... Miss ..., 45 South. Rep. 149; 46 Am. Dig. 1239.

If upon the evidence adduced a verdict for the plaintiff could lawfully have been rendered, the charge of the court to find for the defendant is error that necessarily injures the plaintiff.

The material evidence in support of the plaintiff's right to recover possession of the land sued for is that he had

one wire strung upon posts on two sides of the space covering the land in controversy; that he employed a person to look after the premises for him; and that the defendant had subsequently built a boathouse on the land.

In connection with this testimony it appears that the land is covered by the waters of Pensacola Bay, a navigable water-way and that the land was located as being a part of the water-front property of the City of Pensacola. Even if the facts stated shows a prior actual possession, yet if the circumstances disclosed by the testimony are such as to repel any presumption that might otherwise exist that the prior possession of the plaintiff was lawful, the plaintiff cannot recover, since he has shown no title to the land and no right of possession other than the meagre acts of prior possession already stated.

The general rule in actions of ejectment that the claimant must recover upon the strength of his own title, does not operate to prohibit the acquisition of possessory rights which may be enforced in actions of ejectment between parties in cases where the true owner does not intervene; but a prior possession to be effective as against a mere squatter or intruder in actual possession, must be an actual unabandoned possession. A plaintiff may recover possession of realty by virtue of a *proper* prior possession, for then he recovers as much upon the strength of his own title as if he shows a good title to the premises. A plaintiff in ejectment without title cannot recover as against a mere intruder without title, if such plaintiff has not himself had a prior actual possession of the land. Seymour v. Creswell, 18 Fla. 29.

While a recovery in ejectment may be had by one without title, but who was in prior actual and proper possession of the land the prior possession need not have been for the statutory period necessary to mature into a per-

fect title by adverse possession. Jackson v. Haisley, 35 Fla. 587, 17 South. Rep. 631.

"There are circumstances under which a prior simple occupant without legal title and his grantees in possession have a right to eject a subsequent occupant or his grantees. * * * The prior possession here contemplated must have been an actual possession. Some of the authorities say 'an open, notorious and actual possession.' Seymour v. Creswell, 18 Fla. 29, text 41, and cases there cited. The rule is that a wrongful ouster gives no title against an actual occupant without title." Simmons v. Spratt, 20 Fla. 495, text 506.

In order to recover the possession of lands by the means of an action of ejectment, the plaintiff must have either a title to the lands with a present right of continued possession, or must have had actual *bona fide* possession of the lands with a right to maintain a continued possession when ousted by defendant and a present right to the possession when the action was begun. Jones v. Lofton, 16 Fla. 189; Hartley v. Ferrell, 9 Fla. 374; Winn v. Coggins, 53 Fla. 327, 42 South. Rep. 897; Harris v. Butler, 52 Fla. 253, and authorities cited; Skinner Mfg Co. v. Wright, 56 Fla. 561, 47 South. Rep. 931; L'Engle v. Reed, 27 Fla. 345, 9 South. Rep. 213; Barco v. Fennell, 24 Fla. 378, 5 South. Rep. 9; Carn v. Haisley, 22 Fla. 317.

If the character of the land is such that continued, actual possession is apparently not allowed by law, or if the prior possession was not actual or was unlawful or was a mere pretense or was that of an intruder or trespasser, there should be a showing of title or right of possession in order to recover possession in ejectment.

Under the statute the plea of not guilty admitted the possession of the defendant and put the title to the lands in issue as between the plaintiff and the defendant. If neither party has title to the land and the prior posses-

sion of the plaintiff was not actual but was a mere desul-
tory possession without any legal right, the plaintiff can-
not recover as against the actual possession of the defend-
ant unless he shows some right to the possession besides
the acts of prior possession as disclosed here.

The lands in controversy appear to be covered by the
navigable waters of Pensacola Bay, and the plaintiff is
not shown to be a riparian owner opposite the lands sued
for or to have any title to or right to the possession of
the lands.

The mere possession of public land, without title, will
not enable the party to maintain a suit against any one
who enters on it. Burgess v. Gray, 16 How. (U. S.) 48,
text *65. If this is so as to public land that may be
granted or conveyed to private ownership, for a greater
reason is it so in case of lands held in trust for public
easements such as land under navigable waters.

While ordinarily the possession of land may be pre-
sumed to be lawful, yet the character of the land, the time
and manner of possession and other apparent circum-
stances may rebut a presumption of lawful possession
and put the party claiming such possession, either present
or prior to an ouster, to the proof of the lawfulness of the
asserted possession.

The lands under the navigable waters belong to the
State in its sovereign capacity in trust for all the people
of the State for the uses and purposes allowed by law.
Even if the State by the Legislative act of 1899, Chapter
4802, Laws of Florida, or by the riparian act of 1856, or
otherwise has granted or conveyed the title to the lands in
controversy to the city of Pensacola or to riparian or
other owners, the plaintiff does not appear to be a riparian
owner and he shows no title from the State or from the
city or its grantees.

Even if the lands are subject to private ownership or

use, that ownership or use is subordinate to the public rights of navigation &c. in the waters as allowed by law. Private parties cannot by ejectment recover possession of lands under navigable waters, when such parties have no legal title to or right to use the land; and even when the title is in private parties, a recovery of the possession is subject to the rights of the public in the waters. See Bork v. United New Jersey R. & Canal Co., 70 N. J. L. 268, 57 Atl. Rep. 412, 1 A. & E. Anno. Cas. 861. See State v. Black River Phos. Co., 27 Fla. 276, 9 South. Rep. 205; Sullivan v. Richardson, 33 Fla. 1, 14 South. Rep. 692; State ex rel. Ellis Attorney General v. Gerbing, 56 Fla. 603, 47 South. Rep. 353; State v. Black River Phos. Co., 32 Fla. 82, 13 South. Rep. 640; Ferry Pass &c. v. White River &c., 57 Fla. 399, 48 South Rep. 643; Broward v. Mabry, 58 Fla. .., 50 South Rep. 826; Illinois v. Illinois Cent. R. Co. 146 U. S. 387, 13 Sup. Ct. Rep. 110.

At most the plaintiff shows only the erection of a single strand wire fence on two sides of the land under and through which fence boats passed; and the plaintiff makes no showing or title or right to exclusive use of the land for any purpose.

If the defendant is invading the rights of riparian owners under the statutes of this State such owners have the remedies afforded by law; and for any obstruction of the public rights of navigation &c, the proper authorities have their remedies in behalf of the public.

The plaintiff has not shown title to the lands, nor that he was legally in prior actual possession and was ousted, the prior possession shown taken in connection with the character of the land rebut any presumption that such prior possession was lawful. As there is no testimony upon which the plaintiff could recover, the court did not err in directing a verdict for the defendant. The judg-

ment entered on the verdict for the defendant is affirmed.

All concur, except HOCKER, J., absent.