INVESTMENT COMPANY, A CORPORATION, *Plaintiff in Error*, v. J. ALBERT F. TRUEMAN, FOR THE USE OF THORNTON B. STRINGFELLOW, *Defendant in Error*.

1. Although as printed in the General Statutes of 1906, Section 1969, relating to discovery in ejectment, refers to Sections 1971 and 1972 of such statutes, which have no relevancy whatever to the subject matter of such Section 1969, in the Copy of such General Statutes on file in the office of the Secretary of State, which was the one actually adopted by the Legislatur, such Section 1969 refers to Sections 1534 and 1535, which regulate the procedure in regard to interrogatories and provide that the answers given thereto "shall be evidence against, but not for the party making them." The Section as it appears in the copy filed in the office of the Secretary of State, and not as it appears in the printed and published volume must govern.

2. Where a defendant in an action of ejectment has, without objection, filed answers to interrogatories propounded under the statutes, seeking a disclosure of the title upon which such defendant relies, which answers are made by the statute evidence against such party, and the defendant waits until the case is actually being tried and then seeks by motion to amend one of such answers by making a material change therein, no reason or excuse being offered for the delay, such motion is properly denied.

3. An objection to the admission in evidence of a certified copy of a deed on the ground that such deed was "not acknowledged as required by law, in that the acknowledgment thereto

did not recite that the grantors in such conveyance were known to the officer taking said acknowledgment," is properly overruled, when it appears that the statutes in force at the time such deed was acknowledged contained no such requirement.

4. A substantial compliance with the requirements of statutes governing the acknowledgment or proof of the execution of instruments for the purpose of having them recorded is sufficient.

5. Where the plaintiff and defendant in an action of ejectment claim through a common source of title, errors committed in allowing improper evidence of such common title are harmless.

6. Where the evidence fully makes out the plaintiff's case, and there is no evidence to contradict or rebut it, a peremptory charge for a verdict in the plaintiff's favor is proper.

Writ of error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*Robt. E. Davis,* for Plaintiff in Error;

*W. S. Broome,* for Defendant in Error.

SHACKLEFORD, J.—This is an action of ejectment instituted by the defendant in error against the plaintiff in error for the recovery of the possession of certain described real estate. No point is made on the pleadings, the declaration being in the usual form, to which the defendant filed a plea of not guilty. A trial was had before a jury, and, at the close thereof, upon motion of the plaintiff, the trial judge directed the jury to return a verdict

in favor of the plaintiff, which was done and judgment entered accordingly. This judgment the defendant seeks to have tested here by writ of error. Nineteen errors are assigned, several of which are expressly abandoned. We shall discuss such of those that are argued which we think merit treatment.

After the filing of the declaration the plaintiff filed certain interrogatories to an officer of the defendant corporation, thereby seeking a disclosure of its "title and every link thereof," as is provided by Section 1969 of the General Statutes of 1906. The defendant, after the filing of its plea, propounded like interrogatories to the plaintiff. Both the officer of the defendant corporation to whom such interrogatories were addressed and the plaintiff answered all of the interrogatories so respectively propounded, without objection. From such answers of the respective parties it appeared that the plaintiff and defendant claimed the land in dispute through a common source of title. The plaintiff offered in evidence the interrogatories addressed to one of the officers of the defendant corporation together with his replies thereto, to the introduction of which the defendant objected upon certain grounds, which were overruled, and one of the errors assigned is predicated upon such ruling, but it is expressly abandoned, and, we think, properly so, as the grounds of objection urged were without merit. Later on in the trial, the defendant made the following motion:

"Thereupon counsel for the defendant moves to strike the interrogatories propounded by counsel for plaintiff to the defendant, through B. F. Williamson as Vice President and General Manager, and for leave to withdraw the answers to said interrogatories upon the ground that there is no authority under the laws of Florida for the

issuance of said interrogatories, but that the same are without legal force and effect."

The denial of this motion is assigned as error. Section 1969 of the General Statutes of 1906 reads as follows:

"1969. (1514) Discovery in Ejectment.—Either party to a suit in ejectment may avail himself of the proceedings by interrogatories provided by Sections 1971 and 1972, to obtain a disclosure from the other party of the title and every link thereof, upon which such other party sues or defends."

Upon turning to Sections 1971 and 1972, referred to therein, it is obvious that they have no relevancy whatever to the subject matter of Section 1969. Unfortunately for the contention of the defendant, upon examination of the copy of the General Statutes on file in the office of the Secretary of State, which was the one actually enacted and adopted by the Legislature, signed by the President of the Senate and Speaker of the House, and approved by the Governor, we find that the numbers of the sections referred to in the printed section are typographical errors. In the section in such copy so on file reference is made to the proper sections relating to such subject matter, which appear in such General Statutes as Sections 1534 and 1535, which regulate the procedure in regard to interrogatories and provide that the answers given thereto "shall be evidence against, but not for, the party making them." The section as it appears in the copy filed in the office of the Secretary of State, and not as it appears in the printed and published volume must govern. Ex parte Sam Bush, 48 Fla. 69, 37 South. Rep. 177, and Strobhar v. State, 55 Fla. 167, 47 South Rep. 4. Section 1969, which we have copied above, expressly authorizes either party to an action in ejectment to avail

himself of the procedure provided for in Sections 1534 and 1535, erroneously printed as 1971 and 1972. It necessarily follows that the ruling of the trial judge was proper, therefore this assignment has not been sustained.

Later on in the trial, the defendant filed a motion for the amendment of the answer to one of the interrogatories, to the granting of which the plaintiff objected upon certain specified grounds. Such motion was denied and this ruling is assigned as error. We deem it unnecessary to set out either the motion or the grounds of objection interposed thereto. As we have already said, the officer of the defendant company had answered such interrogatory without objection. He was presumed to know the facts concerning which he was interrogated and undertook to answer, and he had the privilege of selecting his own language in which to couch his reply. We would further call attention to the fact that the transcript discloses that the answers to such interrogatories were filed on the 20th of March, 1911, that the defendant filed interrogatories to the plaintiff on the first day of May 1911, to which the plaintiff filed his answers on the 8th day of such month, and yet the defendant waits until the 7th day of June, 1911, when the case is actually being tried, and after the interrogatories and answers had been introduced by the plaintiff in evidence, before it sought permission of the court to amend one of its answers. If the defendant had made a mistake in such answer, with the exercise of ordinary care and diligence it should have discovered that fact before it entered upon the trial of the action. The defendant must be presumed to know the law and that under the statute the answers to such interrogatories could be introduced in evidence against it, and yet it waits until the trial, when, after some adverse rulings to it on the evidence had been made, it

seeks to materially change the answer to one of the inter-
rogatories, no reason or excuse being offered for its delay.
See the discussion in Hartford Fire Insurance Co. v.
Brown, 60 Fla. 83, 53 South. Rep. 838, as to the discre-
tion vested in trial judges as to, permitting or refusing
amendments of pleadings.   What we said there applies
with equal force here.   As we also said in Wilson v.
Johnson, 51 Fla. 370, 41 South. Rep. 395, "Courts of jus-
tice exist for the administration and furtherance of jus-
tice and in the conduct of trials generally much must be
left to the discretion of the trial judge."   No abuse of
discretion upon the part of the trial judge in refusing to
permit the amendment to the answer to the interrogatory
has been made to appear to us, consequently this assign-
ment fails.

One of the assignments is based upon the admitting in
evidence a certified copy of a deed, offered by the plaintiff,
over the objection of the defendant, the ground of objec-
tion urged being that such deed was "not acknowledged
as required by law, in that the acknowledgment thereto
did not recite that the grantors in said conveyance were
known to the officer taking said acknowledgment."   It
is contended that for this reason such deed was not en-
titled to record, therefore a certified copy thereof was
not admissible in evidence under the provisions of Sec-
tion 21 of Article XVI of the State Constitution of 1885.
Sections 2481, 2482 and 2486 of the General Statutes of
1906 are cited and relied upon.   We are of the opinion
that this contention is not tenable.   The deed in question
bears date of 10th day of June, 1885, and was executed
and acknowledged in Alachua County, Florida.   The
statutes in force at that time would seem not to have
required that the certificate of the officer taking the ac-

knowledgment of a party executing and acknowledging a deed within this State should recite that such party was known to such officer to be the party described in and who executed the deed, even if it be conceded that such requirement is now in force. See Section 10 on page 216 of McClellan's Digest. As was held in Einstein's Sons v. Shouse, 24 Fla. 490, 5 South. Rep. 380, "A substantial compliance with the requirements of statutes governing the acknowledgment or proof of the execution of instruments for the purpose of having them recorded, is sufficient." The reasoning in this cited case will be found to be well in point in the instant case. The certificate of acknowledgment to the deed in question recites that the persons, who are referred to as the grantors, "personally appeared" before such officer and acknowledge that they "Executed, signed, sealed and delivered the said deed of conveyance for the uses and purposes therein contained and expressed." See also Carpenter v. Dexter, 8 Wall (U. S.) 513, approvingly referred to and cited in Einstein's Sons v. Shouse, *supra*. We would also refer to the following decisions of this court: McCoy v. Boley, 21 Fla. 803; Summer v. Mitchell, 29 Fla. 179, 10 South. Rep. 562, 14 L. R. A. 815, 30 Amer. St. Rep. 106; Platt v. Rowan, 54 Fla. 237, 45 South. Rep. 32; International Kaolin Co. v. Vause, 55 Fla. 641, 46 South. Rep. 3.

Another principle will dispose of some of the assignments adversely to the contention of the defendant. As we have previously said, the plaintiff and defendant claimed the land in dispute through a common source of title. This being true, error in admitting improper evidence of such title is harmless. Rhodus v. Hefferman, 47 Fla. 206, 36 South. Rep. 572, and Mansfield v. John-

son, 51 Fla. 239, 40 South. Rep. 196, 120 Amer. St. Rep. 159.

A careful examination of all the evidence adduced convinces us that such evidence fully made out the plaintiff's case and that the jury could not have lawfully found for the defendant. This being true, the trial judge properly directed the jury to return a verdict in favor of the plaintiff, in accordance with the provisions of Section 1496 of the General Statutes of 1906. See Bell v. Niles, 61 Fla. 114, 55 South. Rep. 392.

No reversible error having been made to appear to us, the judgment must be affirmed.

WHITFIELD, C. J., AND TAYLOR, COCKRELL, AND HOCKER, J. J., concur.