EDWARD O. GUNN, *Plaintiff in Error*, v. CITY OF JACK-SONVILLE, *Defendant in Error*.

## Opinion Filed January 27, 1914.

1. The considerations and legal principles that guide the judicial discretion in directing a verdict and in granting a new trial on the evidence are not the same.

2. In directing a verdict, the court is governed practically by the same rules that are applicable in demurrers to evidence.

3. A party in moving for a directed verdict, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.

4. Where on the evidence adduced there is room for a difference of opinion between reasonable men as to the existence of facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail, and not primarily the views of the judge.

5. The duty devolving upon the court in reference to directing a verdict on the evidence may become, in many cases, one of delicacy, and it should be cautiously exercised.

6. Electricity is an invisible force highly dangerous in its use, and those who employ others where electricity or other dangerous agencies are used, should exercise such care for the safety of the employees as is commensurate with the dangers involved and the competency of the employees.

7. Where there is substantial evidence upon which a finding and judgment may lawfully be for one party, a judgment entered on a directed verdict for the other party may be reversed.

Writ of Error to Circuit Court for Duval County; R. M. Call; Judge.

Judgment reversed.

*Alex St. Clair-Abrams,* for Plaintiff in Error;

*P. H. Odom,* for Defendant in Error.

WHITFIELD, J.—In eight counts using varying language the declaration alleges that the city owned, controlled, managed and operated an electric plant located in a certain building in said city; that Gunn was in the employ of the city in said building to work in and about said electrc light plant; that while Gunn was engaged in performing his duties in said electric light plant at night, by reason of the carelessness and negligence of the defendant under stated circumstances in leaving the ends of its wires without insulation, and said wires being charged with electricity, the plaintiff, Gunn, received an electric shock which injured him. The case was tried on issues of not guilty, of contributory negligence and of assumed risk. There was also a special plea averring the machinery was purchased from a reputable manufacturer, and was of the newest and best type of machinery for that purpose; but this special plea was apparently not utilized in the trial, and it may well be eliminated as not essential to a proper determination of the negligence alleged. Upon the conclusion of the plaintiff's testimony, the court directed a verdict for the defendant, and a writ of error was taken by the plaintiff to the judgment entered on such directed verdict.

The burden of proving the negligence alleged was upon the plaintiff, and the burden of proving the matters set up

in avoidance of liability is upon the defendant. If the specially pleaded defensive matters sufficiently appear in the evidence adduced by the plaintiff the defendant may have the benefit thereof in appropriate proceedings.

It is contended that the plaintiff's evidence proves contributory negligence, and also proves that the plaintiff assumed the risks that resulted in his injury; and that such proofs are so complete that the trial court committed no error in directing a verdict for the defendant at the conclusion of the plaintiff's testimony.

If it be conceded that the plaintiff's evidence tends to show contributory negligence and assumed risk, it cannot fairly be said on this record that the defendant's affirmative pleas have been conclusively proven, or that reasonable men may not differ as to the probative force and effect of the evidence adduced.

When it is clear that no error was committed by the trial court in directing a verdict for one of the parties, an appropriate judgment rendered on such directed verdict will not be disturbed. Tedder v. Fraliegh-Lines-Smith Co., 55 Fla. 496, 46 South. Rep. 419; Wade v. Louisville & N. R. Co., 54 Fla. 277, 45 South. Rep. 472; Bass v. Ramos, 58 Fla. 161, 50 South. Rep. 945; Wilson v. Johnson, 51 Fla. 370, 41 South. Rep. 395; Stone v. Citizens' State Bank, 64 Fla. 456, 59 South. Rep. 945; Mugge v. Jackson, 53 Fla. 323, 43 South. Rep. 91; Investment Co. v. Trueman, 63 Fla. 184, 57 South. Rep. 663; Bell v. Niles, 61 Fla. 114, 55 South. Rep. 392.

The considerations and legal principles that guide the judicial discretion in directing a verdict and in granting a new trial on the evidence are not the same. Florida East Coast Ry. v. Hayes, decided at the last term. In directing a verdict, the court is governed by practically the same rules that are applicable in demurrers to evi-

dence. A party in moving for a directed verdict, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. 6 Ency. Pl. & Pr. 692 *et seq.* The statute enacts that "If * after all the evidence shall have been submitted on behalf of the plaintiff in any civil case, it be apparent * * that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff, the judge may then direct the jury to find a verdict for the defendant; and if, after all the evidence of all the parties shall have been submitted, it be apparent to the judge * * that no sufficient evidence has been submitted upon which the jury could legally find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party." Chapter 6220 Acts of 1911. Under this statute unless "it *be apparent* to the judge that *no sufficient* evidence has been submitted upon which the jury could *legally find*" for one party, the court is not authorized to direct a verdict for the opposite party. The action of the court under the statute should be such as not to invade the organic "right of trial by jury." When the facts are not in dispute, and the evidence, with all the inferences that a jury may lawfully deduce from it, does not, as matter of law, have a tendency to establish the cause of action alleged, the judge may direct a verdict for the defendant. But the court should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the existence of facts from which an ultimate fact is sought to be established, or where there is room for such differ-

ences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail, and not primarily the views of the judge. In an action for negligence where there is any substantial testimony from which the jury could find the issues in favor of the plaintiff, a peremptory charge for the defendant should not be given. A case should not be taken from the jury by directing a verdict for the defendant on the evidence, unless the conclusion follows as a matter of law that no recovery can be lawfully had upon any view taken of facts that the evidence tends to establish. The credibility and probative force of conflicting testimony should not be determined on a motion for a directed verdict. The duty devolving upon the court in reference to directing a verdict on the evidence may become, in many cases, one of delicacy, and it should be cautiously exercised. Rogers v. Meinhardt, 37 Fla. 480, 19 South. Rep. 878; Florida Cent. & P. R. Co. v. Williams, 37 Fla. 406, 20 South. Rep. 558; Johnson v. Louisville & N. R. Co., 59 Fla. 305, 52 South. Rep. 195; Hammond v. Jacksonville Electric Co., decided at the last term; Jacksonville Terminal Co. v. Smith, decided at this term; Kreigh v. Westinghouse, C. K. & Co., 214 U. S. 249, 29 Sup. Ct. Rep. 619; Delk v. St. Louis & S. F. R. Co., 220 U. S. 580, 31 Sup. Ct. Rep. 617; King v. Cooney-Eckstein, 66 Fla. 246, 63 South. Rep. 659; Starks v. Sawyer, 56 Fla. 596, 47 South. 513; Smith v. Klay, 47 Fla. 216, 36 South. Rep. 54; Hillsborough Grocery Co. v. Leman, 51 Fla. 203, 40 South. Rep. 680; Florala Saw Mill Co. v. Smith, 55 Fla. 447, 46 South. Rep. 332; German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 749; McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910.

Electricity is an invisible force highly dangerous in its use, and those who employ others to work where electricity or other dangerous agencies are used, should exercise such care for the safety of the employees as is commensurate with the dangers involved and the competency of the employees. See Jacksonville Electric Co. v. Sloan, 52 Fla. 257, 42 South. Rep. 516; Goulding Fertilizer Co. v. Watts, 63 Fla. 155, 58 South. Rep. 362; Flowers v. Louisville & N. R. Co., 55 Fla. 603, 46 South. Rep. 718; Escambia County Electric Light & Power Co. v. Southerland, 61 Fla. 167, 55 South. Rep. 83.

There was substantial evidence that at least tended to prove the issues in favor of the plaintiff; and it cannot be said on this record that a finding for the plaintiff on the evidence would be unlawful, therefore a directed verdict for the defendant was error.

Assignments of error based on the pleadings do not appear to be material. Pleas should state ultimate facts, not phases of contemplated evidence.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.