LOUIS J. ANDERSON, *Plaintiff in Error,* v. SOUTHERN COTTON OIL COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed February 23, 1917.

Petition for Rehearing Denied May 4, 1917.

1. In determining whether error was committed in directing a verdict, due consideration should be given to the organic right of trial by jury. Otherwise fundamental principles may be subordinated to procedure or convenience.

2. The considerations and legal principles that guide the judicial discretion in directing a verdict, and in granting a new trial on the evidence are not the same.

3. In directing a verdict, the court is governed by practically the same rules that are applicable in demurrers to evidence.

4. A party in moving for a directed verdict admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.

5. It is reversible error to direct a verdict for one party when there is substantial evidence tending to prove the issue upon which the jury could lawfully find a verdict for the opposite party.

6. Where different conclusions may fairly be drawn from the evidence as to whether an employee driver of an automobile was acting within the express or implied authority of the defendant employer at the time his alleged negligence caused the injury complained of, the evidence should be submitted to the jury under appropriate instructions.

7. Where with the acquiescence of the employer an employee while engaged with the employer's automobile in the general line of his authority uses the automobile for his own purposes, and while doing so injures one on the street, the jury should be permitted to determine under appropriate instructions whether the defendant employer is liable.

Writ of Error to Court of Record for Escambia County; Kirke Monroe, Judge.

Judgment reversed.

*F. W. Marsh* and *C. M. Jones,* for Plaintiff in Error;

*Watson* & *Pasco,* for Defendant in Error.

WHITFIELD, J.—The declaration herein is as follows: "The plaintiff, Louis J. Anderson, sues the Southern Cotton Oil Company, a corporation, for that, to-wit: On the ————— day of April, A. D. 1914, said defendant was the owner and did operate its business and for the use and convenience of its agents and servants a certain automobile, and permitted and authorized the use and operation of said automobile by its said agents and servants for the purpose of transporting themselves from defendant's place of business to their meals in Pensacola, Florida, and to return therefrom to their employment at defendant's place of business; that on said day said automobile was being run and operated by its agent and servant in and upon the streets of the City of Pensacola, County of Escambia, State of Florida, with the permission of and by the authority of said defendant, in transporting himself from his lunch in said city to his place of employment, to-wit: the place of business of said defendant.

"That while said plaintiff was riding on a motorcycle and proceeding with due care along West Garden Street, in said City, County and State, said defendant's automobile being so run and operated by its agent and servant and at a time and place and with the permission and authority of the defendant as aforesaid, and within the scope

of his authority as such agent and servant to-wit: in transporting himself back to the place of business of said defendant, so carelessly and negligently run, drove and operated said automobile, and without any negligence on the part of the plaintiff, at the intersection of Garden and Donelson streets in said city, that same violently came in contact with and did strike against with great force and violence, the leg, foot and ankle of plaintiff. Whereby plaintiff was greatly injured and maimed, his leg, foot and ankle broken, fractured, bruised and lacerated and plaintiff suffered other great physical injury and contusions. That as result of said injuries, plaintiff suffered and still suffers great pain and bodily discomfort, and was for a long time confined to his bed and has been put to a large expense for medical and surgical treatment and attendance, and has been for a long time and still is, prevented from working or following his vocation, or earning a livelihood and is permanently disabled and injured and will be permanently prevented from working at his trade and occupation or of performing manual labor. And plaintiff claims damage in the sum of $15,000.00. Wherefore he sues.

"Second Count.

"The plaintiff, L. J. Anderson, sues the defendant, Southern Cotton Oil Company, a corporation, doing business in the county of Escambia, State of Florida, for that, to-wit: on the ———— day of April, A. D. 1914, said defendant was possessed of and owned a certain automobile and on said date, was by its agent and servant driving, operating, and conducting same on and upon the streets of the City of Pensacola, county and State aforesaid; that while the plaintiff was riding upon a motorcycle at the intersection of Garden and Donelson streets in the City, County and State aforesaid, and was proceeding

with due care and without any negligence on his part, said defendant by its agent and servant so carelessly and negligently drove, managed and operated said automobile, that thereby said automobile was driven with great force and violence against the leg, foot and ankle of plaintiff. Whereby plaintiff was greatly injured and maimed, his leg, foot and ankle broken, fractured, bruised and lacerated and plaintiff suffered other great physical injury and contusions. That as a result of said injuries said plaintiff suffered and still suffers great pain and bodily discomfort and was a long time confined to his bed and has been put to a large expense for medical and surgical treatment and attendance, and has been for a long time and still is, prevented from working at his trade and occupation and is permanently maimed, crippled and injured. And plaintiff claims damages in the sum of $15,000.00 Wherefore he sues."

To the first count pleas of not guilty and contributory negligence were filed, while to the second count a plea of not guilty was filed.

At the trial the court directed a verdict for the defendant, on which judgment was rendered, and the plaintiff took writ of error.

As the court directed a verdict for the defendant after all the evidence for both parties had been submitted, the question to be determined is whether "no sufficient evidence has been submitted upon which the jury could legally find a verdict for" the plaintiff. Chapter 6220, Acts of 1911, amending Sec. 1496. Gen. Stats. of 1906.

In determining whether error was committed in directing a verdict, due consideration should be given to the organic right of trial by jury. Otherwise fundamental principles may be subordinated to procedure or convenience.

The considerations and legal principles that guide the judicial discretion in directing a verdict, and in granting a new trial on the evidence are not the same. Florida East Coast Ry. v. Hayes, decided at the last term. In directing a verdict, the court is governed by practically the same rules that are applicable in demurrers to evidence. A party in moving for a directed verdict, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. 6 Ency. Pl. & Pr. 692 *et seq.* The statute enacts that "If * after all the evidence shall have been submitted on behalf of the plaintiff in any civil case, it be apparent * * that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff, the judge may then direct the jury to find a verdict for the defendant; and if, after all the evidence of all the parties shall have been submitted, it is apparent to the judge * * that no sufficient evidence has been submitted upon which the jury could legally find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party." Chapter 6220 Acts of 1911. Under this statute unless "it *be apparent* to the judge that *no sufficient* evidence has been submitted upon which the jury could *legally find*" for one party, the court is not authorized to direct a verdict for the opposite party. The action of the court under the statute should be such as not to invade the organic "right of trial by jury." When the facts are not in dispute, and the evidence, with all the inferences that a jury may lawfully deduce from it, does not, as a matter of law, have a tendency to establish the cause of action alleged, the judge may direct a verdict for the defendant. But the court should never direct a verdict for one party unless the evidence is such that no

view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof of facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the 'jury for finding, as it is their conclusion, in such cases, that should prevail, and not primarily the views of the judge. In an action for negligence where there is any substantial testimony from which the jury could find the issues in favor of the plaintiff, a peremptory charge for the defendant should not be given. A case should not be taken from the jury by directing a verdict for the defendant on the evidence, unless the conclusion follows as a matter of law that no recovery can be lawfully had upon any view taken of facts that the evidence tends to establish. The credibility and probative force of conflicting testimony should not be determined on a motion for a directed verdict. The duty devolving upon the court in reference to directing a verdict on the evidence may become, in many cases, one of delicacy, and it should be cautiously exercised. Gunn v. City of Jacksonville, 67 Fla. 40, 64 South. Rep. 435; Rogers v. Meinhardt, 37 Fla. 480, 19 South. Rep. 878.

When it is clear that no error was committed by the trial court in directing a verdict for one of the parties, an appropriate judgment rendered on such direct verdict will not be disturbed. Tedder v. Fraliegh-Lines-Smith Co., 55 Fla. 496, 46 South. Rep. 419; Wade v. Louisville & N. R. Co., 54 Fla. 277, 45 South. Rep. 472; Bass v. Ramos, 58 Fla. 161, 50 South. Rep. 945; Wilson v. Johnson, 51 Fla. 370, 41 South. Rep. 395; Stone v. Citizens' State Bank, 64 Fla. 456, 59 South. Rep. 945;

Mugge v. Jacksonville, 53 Fla. 323, 43 South. Rep. 91; Investment Co. v. Trueman, 63 Fla. 184, 57 South. Rep. 663; Bell v. Niles, 61 Fla. 114, 55 South. Rep. 392; Gunn v. City of Jacksonville, 67 Fla. 40, 64 South. Rep. 435; Bland v. Fidelity Trust Co., 71 Fla. 499, 71 South. Rep. 630; American Mercantile Co. v. Circular Advertising Co., 71 Fla. 522, 71 South. Rep. 607; Berryhill-Cromartie Co. v. Manitowoc Shipbuilding & Dry Dock Co., 66 Fla. 170, 63 South. Rep. 720.

When the evidence adduced as to the material issues in a cause is not conflicting, and the evidence, with all the inferences that a jury may lawfully deduce from it favorable to the plaintiff, does not afford a sufficient legal basis for a verdict for the plaintiff, the trial judge may direct a verdict for the defendant.

Conflicts in the evidence as to mere immaterial matters will not require a submission of a cause to the jury if on the whole evidence there is a legal predicate for a verdict for one party only; in which case a verdict for that party may be directed.

But it is reversible error to direct a verdict for one party when there is substantial evidence tending to prove the issue upon which the jury could lawfully find a verdict for the opposite party. Haile v. Mason Hotel & Investment Co., 71 Fla. 469, 71 South. Rep. 540; Gunn v. City of Jacksonville, 67 Fla. 40, 64 South. Rep. 435; King v. Cooney-Eckstein Co., 66 Fla. 246, 63 South. Rep. 659; Hammond v. Jacksonville Electric Co., 66 Fla. 145, 63 South. Rep. 709; Johnson v. Louisville & N. R. Co., 59 Fla. 305, 52 South. Rep. 195.

A case should not be taken from the jury unless the conclusion follows from the evidence as matter of law that no recovery can be lawfully had upon any view taken of facts that the evidence tends to establish. Jack-

sonville Terminal Co. v. Smith, 67 Fla. 10, 64 South. Rep. 354.

Where different conclusions may fairly be drawn from the evidence as to whether an employee driver of an automobile was acting within the express or implied authority of the defendant employer at the time his alleged negligence caused the injury complained of, the evidence should be submitted to the jury under appropriate instructions. See Reynolds v. Denholm, 213 Mass. 576, 100 N. E. Rep. 1006; George v. Carstens Packing Co., (Wash.), 158 Pac. Rep. 529; Dockweiler v. American Piano Co., 160 N. Y. Supp. 270; McKeever v. Ratcliffe, 218 Mass. 17, 105 N. E. Rep. 552.

It appears that the Southern Cotton Oil Company owned the automobile and authorized its daily use by the driver, who was the Cashier of the Company, in going to and fro between the company's milling plant in the suburbs of Pensacola, Florida, and the business centre of the city to transact the business of the company and incidentally the driver to get his dinner. The driver had while in the city during the noon hour frequently used the automobile in taking a young lady to her place of business from her home several blocks away from the direct route to the plant. This was known to the managing officer of the company and not objected to by him. The young lady did not work for the defendant. On the day of the accident the driver while in the city, as he had frequently done, drove to the young lady's home to take her to her office. Upon arriving at her home he was requested to go to a nearby residence for her rain coat. While going for the rain coat the injury occurred by a collision in the street. Was the defendant company liable for the acts of the driver at the time of the accident?

It has been held that where without the employer's

knowledge or consent there is a deviation in the use of an automobile from the direct line of the employer's business solely for the purposes of the employee or where there is a temporary abandonment of the employer's business for the employee's own purposes, and an injury was inflicted by negligent driving while the employee was returning to the sphere of the employee's business, the question as to whether the employer is liable should be submitted to the jury under appropriate instructions. George v. Carstens Packing Co., (Wash.), 158 Pac. Rep. 529; Jones v. Weigand, 134 N. Y. App. Div. 644; Slothower v. Clark, (Mo. App.), 179 S. W. Rep. 55, Carrier v. Donovan, 88 Conn. 37.

If where the employee without the knowledge or consent of his employer has been on a journey for himself in his employer's automobile and *while returning* to the sphere of the employer's business negligently injures another in the public highway, the question of the employer's liability should be submitted to the jury, no good reason appears why a question is not made for the jury when the injury occurs while the employee *with the employer's acquiescence* is *going to* or *is at* a place solely for the employee's own business or pleasure.

While automobiles may not be classed as *per se* dangerous instrumentalities, yet because of their speed and weight they may suddenly become extremely dangerous by negligent or inefficient use. The law-making power of the State, in recognition of the many and great dangers incident to their use, has enacted special regulations for the running of automobiles or motor vehicles on the public roads and highways of the State. Chap. 5437 Acts 1905, Secs. 859a *et seq.* Comp. Laws 1914. These regulations relate primarily to duties that are imposed upon the owner of such vehicles. While these reg-

ulations do not expressly enlarge the common law liabil-
ities of employers for the negligence of the employees,
the statute does impose upon the owners of automobiles
and motor vehicles duties and obligations not put upon
the owners of other vehicles that are not so peculiarly
dangerous in their operation, and specifically requires li-
censes, numbering, &c., for purposes of identifying. the
owner, and enacts that automobiles shall not be so oper-
ated on a public highway "as to endanger the life or limb
of any person." It is also enacted that in case of acci-
dent the name and address of the owner shall be given on
request. The owners of automobiles in this State are
bound to observe statutory regulations of their use and
assume liability commensurate with the dangers to which
the owners or their agents subject others in using the
automobiles on the public highway. The principles of
the common law do not permit the owner of an instru-
mentality that is not dangerous *per se* but is peculiarly
dangerous in its operation, to authorize another to use
such instrumentality on the public highways without im-
posing upon such owner liability for negligent use. The
liability grows out of the obligation of the owner to have
the vehicle; that is not inherently dangerous *per* se but pe-
culiarly dangerous in its use, properly operated when it
is *by his authority* on the public highway. In view of the
dangers incident to the operation of automobiles and of
the duties and obligations of the owners of motor vehicles
under the statutes of the State, it could not be said that
on the facts of this case no question was made for the
jury to decide.

The employee was acting during the day in the line of
his employer's business, the use of the car in going for
the young lady was acquiesced in by the owner, the trip
apparently did not interfere with and was not so wholly

disconnected from the employer's business as to make it as matter of law an abandonment even temporarily of the employer's business.    These considerations coupled with the obligation of the employer to the public growing out of his acquiescence in the use on the public highways of the automobile for the employee's personal benefit while generally engaged in the employer's business on the streets of the city and involving peculiar and sudden dangers if negligently driven, made a case for the jury to determine under appropriate instructions from the court whether the defendant employer is liable for injuries caused by negligence of the employee in using the employer's automobile on the public highways with the consent of the employer for the employee's own purposes and while the employee was acting within his general authority from the employer.

The judgment is reversed.

BROWNE, C. J., and TAYLOR, J., concur.

SHACKLEFORD and ELLIS, JJ., dissent.

_____

ELLIS, J., dissenting.

I am unable to assent to the proposition that the owner of an automobile who permits another to use it for the latter's sole convenience or pleasure becomes liable in damages to a stranger who may sustain an injury because of the negligent operation of the machine while so employed.

Nor do I agree that the owner of an automobile,

whose servant or employee is permitted to use the machine in the transaction of his employer's business, but who departs from his master's business and goes upon an independent errand of his own, is liable in damages for the tortious act of such employee committed in the negligent operation of the machine while he is upon the independent and separate errand of his own.

· Such propositions ignore the maxims *"Respondeat superior"* and *"qui facit per alium, facit per se."* The doctrine of the liability of the master for the wrongful acts of the servant rests upon the above maxims. Was the wrongful act done in the cause and within the scope of the servant's employment? If so, the master as a matter of law is liable. If not, the master is not liable. See Hardeman v. Williams, 150 Ala. 415, 43 South. Rep. 726, 10 L. R. A. (N. S.), 653; Palos Coal & Coke Co. v. Benson, 145 Ala. 664, 39 South. Rep. 727; City Delivery Co. v. Henry, 139 Ala. 161, 34 South. Rep. 389; Fones v. Phillips, 39 Ark. 17; Hearns v. Waterbury Hospital, 66 Conn. 98, 33 Atl. Rep. 595, 31 L. R. A. 224; Nonn v. Chicago City R. Co., 232 Ill. 378, 83 N. E. Rep. 924; Kansas L. Co. Jr. v. Central Bank, 34 Kan. 635, 9 Pac. Rep. 751; Adams v. Cost, 62 Md. 264; Slater v. Advance Thresher Co., 97 Minn. 305, 107 N. W. Rep. 133, 5 L. R. A. (N. S.) 598; Morier v. St. Paul, M. & M. Ry. Co., 31 Minn. 351, 17 N. W. Rep. 952.

In the case of Slater v. Advance Thresher Co., *supra,* many cases are collected and discussed by the court, in which damages were sought to be recovered for injuries sustained by reason of the negligent use of an automobile by an employee of another while not engaged in the service of his employer, but which did occur while the servant or employee was engaged upon a private, independent and personal errand of his own. The doctrine

is announced as universally true, sustained by text writers and the decisions of the courts of the United States generally, that the "Master is not liable for injuries occasioned to a third person by the negligence of his servant while the latter is engaged in some act beyond the scope of his employment for his own or the purposes of another, although he may be using the instrumentalities furnished by the Master with which to perform his duties as servant." See Stewart v. Baruch, 103 App. Div. 577, 93 N. Y. Supp. 161; Clark v. Buckmobile Co., 94 N. Y. Supp. 771; Reynolds v. Buck, 127 Iowa 601, 103 N. W. Rep. 946; Quigley v. Thompson, 211 Pa. 107, 60 Atl. Rep. 506; Brokaw v. New Jersey R. R. & Transp. Co., 32 N. J. L. 328. Also authorities cited in 32 Cyc. 1391; 1 Shearman & Redfield on Negligence, (6th Ed.) 346-367. See also cases cited in 4 Current Law, 609.

The facts in the case at bar are undisputed. Elliott Barrow was employed by the Southern Cotton Oil Company as its Cashier. He was in control of the automobile when the accident occurred. The automobile was owned by the company and was used by its employees not only for errands of the company and its business. but this employee was permitted to use it on various occasions for his own convenience and pleasure. On the day when the accident occurred this employee took the car into Pensacola on an errand for the company and he was to return in it to his office at the company's plant about one o'clock, after eating his lunch. He finished eating his lunch, and instead of returning to his office, he went out on Garden Street to get a young lady friend and bring her to the place where she was employed on Palafox Street. Therefore in going for the young lady, it was Barrow's intention to return with her to her place of em-

ployment before he should start on the return trip to his own place of employment, *viz,* the company's offices.   While on this separate—independent and purely personal—trip, he undertook for the young lady another and distinct employment or errand.   It was while on this latter errand that the injury occurred.

If Barrow while at his lunch had consented to engage his services for a monetary consideration to a stranger which involved the use of the machine, and while executing a commission for this person should have by the negligent use of the machine injured another, by what process of reasoning could it be said that the Southern Cotten Oil Company should be held liable for the injury? Such a holding would certainly not be supported by either precedent or principle

The only difference between such a situation and the one at bar is the absence of any monetary consideration paid to Barrow by the young lady in whose service he was operating the machine when the injury occurred. But whether the consideration was paid in money or found in the gratification of his own desire in being of service to the young woman of his dreams, the principle is the same.   His errand was an independent one, he was not on the company's business, he was not acting in the scope of his employment, he was not engaged in the furtherance of his master's business, but his services were being independently rendered to another for a consideration which was none the less sufficient because sentimental, and one in which the employer being a corporation could not possibly have had any concern.

Nor did the employer put the employee in motion to do that which was done resulting in the injury, therefore neither of the maxims quoted above applies.   I think,

446    SUPREME COURT OF FLORIDA,

Willis et al. v. S. R. & B. Dist. No. 2—Syllabus

therefore, that the court did not err in instructing the verdict.

I am authorized to say that SHACKLEFORD, J., concurs in this dissent.